# EXHIBIT B

| | | |
|---|---|---|
| NO. | JEFFERSON CIRCUIT COURT | |
| | DIVISION _____ | |

JESSE J. BILYEN ) PLAINTIFF
                              )
v.                            )
                      COMPLAINT

THE HARTFORD )
One Hartford Plaza )
Hartford, CT 06155 )
                           ) DEFENDANT

SERVE:
SECRETARY OF STATE

-and-

BENEFIT MANAGEMENT SERVICES
The Hartford
PO Box 14306
Lexington KY 40512-4306

SERVE:
ANY OFFICER OR AGENT

                   ***           ***           ***

      Comes the Plaintiff, JESSE BILYON, by counsel, and for his cause of action against Defendant states as follows:

## PARTIES AND VENUE

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.
2. Defendant, The Hartford, (hereinafter "carrier" or "Defendant" or "Hartford") is a corporation doing business in the Commonwealth of Kentucky.
3. The Defendant AIRGAS INC. ("AG") is the plan administrator for the Short term disability

policy ("STD") that forms the basis of this litigation. (For purposes of this Complaint both Defendants will be referred in the singular "Hartford").

4. This is an action brought by a participant to recover STD due to Plaintiff and, since the fund is employer based, the action is subject to the terms of §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), it a simple contract for disability insurance and wage replacement benefits.

## FACTS

5. Plaintiff was a full-time employee of AG (insured ID 9005181653; Plan number GLT 675809) for a sufficient time period so as to be eligible for wage replacement coverage under the terms of an insurance contract.

6. As a full time employee, Plaintiff was eligible for, and was participating in the short and long term disability plans (hereinafter "STD" and "LTD") underwritten by Defendant plan and offered by employer.

7. At all times relevant to this Complaint, the Plan was administered by Hartford and at all relevant times Hartford remained the so called "plan administrator".

8. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled.

9. During the appeal process Hartford compelled the Plaintiff to apply for Social Security Disability Benefits ("SSDI").

10. Based on his impairments that led to a myriad of restrictions an limitations in the Plaintiff's life, Plaintiff applied for and was approved for LTD benefits by Hartford.

11. Approximately two years later Hartford re-reviewed the file and denied benefits although there had been no improvements in any of the Plaintiff's medical conditions or alteration of hi restrictions and limitations.

12. Hartford's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant Hartford fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians.

13. Hartford's in-house reviewing staff erroneously concluded that the Plaintiff was capable of returning to work and to work full time, as he did before the onset of his disability. Hartford refused to consider all of the Plaintiff's medical ailments and combined effect on him to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.

14. Hartford's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.

15. Hartford is legally unable to deny Plaintiff's benefits based on even its own medical and vocational findings.

16. Since Hartford compelled Plaintiff to apply for SSDI benefits it is bound to the review the decision of the SSA even if said decision is outside of the administrative review time period.

17. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.

18. Defendant Hartford's conclusions that Plaintiff is not totally disabled, and/or does not suffer from medically documented restrictions and limitations that prevent full time employment, was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

19. At all relevant times Hartford was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits. Thus it's decision to deny STD and cut off the path to LTD is a conflict of interest.

## COUNT 1
## DENIAL IS IN VIOLATION OF ERISA STATUTE

20. Pursuant to the tenants of simple contract or of the strictures of the ERISA statute Plaintiff is entitled to LTD disability benefits under the Plan.

21. Defendant has wrongfully denied Plaintiff LTD benefits and has breached the terms of the Plan under the dictates of Kentucky law.

22. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the contract of wage replacement insurance.

WHEREFORE the Plaintiff prays as follows:

1. For payment of disability benefits due to him, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;
1. For attorney's fees and expenses that Plaintiff has incurred for enforcing his contractual rights;
2. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage its termination of benefits has caused respecting Plaintiff's credit history;
3. For any other attorney fees and costs expended in connection with the unlawful denial of benefits;
4. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, secondary federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

_____
ROBERT A. FLORIO
1500 STORY AVE.
Louisville, KY 40206
Counsel for Plaintiff
502-587-0228